IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| DAVID POLVADO § | CASE NO: 06-70151 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| GLASSTEX, INC. § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 06-7014 | |
| § | | |
| ARCH ALUMINUM & GLASS CO. INC., *et* § | | |
| *al* § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION AND ORDER TO REMAND

On October 14, 2005, Arch Aluminum & Glass Co., Inc., ("Arch Aluminum") obtained a judgment against David Polvado, individually and doing business as Polvado Glass Co., Inc. ("Polvado Glass"). An order for turnover allowing Arch Aluminum to collect documents and records, accounts, securities, real property, equipment, vehicles, safety deposit boxes, cash, negotiable instruments, contract rights and accounts receivables of David Polvado or Polvado Glass was entered on March 7, 2006.

After obtaining the order for turnover, James P. Grissom, receiver for Arch Aluminum, appeared at Glass-Tex. David Polvado is currently a director, but not a shareholder, of Glass-Tex, Inc. ("Glass-Tex"). Grissom locked Glass-Tex's doors and confiscated several items which were allegedly being used in the operation of Glass-Tex's business. Grissom's actions prompted Glass-Tex to obtain a temporary restraining order against Arch Aluminum and Grissom ("Defendants"). The order required the Defendants to remove the locks from Glass-Tex and return all confiscated items. The petition for the temporary restraining order asserted that Glass-

Tex suffered damages due to the alleged wrongful collection. Glass-Tex alleges that after the temporary restraining order was granted, Grissom did not turn over the company's keys until March 31, 2006. Thereafter, on April 25, 2006, Glass-Tex filed a motion for contempt or alternatively for default judgment.

After the grant of the temporary restraining order but before Glass-Tex's motion for contempt, David Polvado, on April 14, 2006, individually, filed chapter 13. On May 5, 2006, Grissom filed a notice of removal of the Glass-Tex state court proceeding in Polvado's bankruptcy case.

A hearing was held in this matter on September 18, 2006. At the hearing, the Court questioned whether it had subject matter jurisdiction over this complaint. The parties were required to brief this issue. It appears any jurisdiction the Court may have arises only from the Defendants' affirmative defense that Glass-Tex is, in fact, Polvado Glass and "any reference to an entity other than Polvado Glass Co., Inc., or David Polvado is a sham. . . ." (Def.'s Br. 2). Accordingly, Defendants believe any judgment involving Glass-Tex affects Polvado's bankruptcy estate.

## Analysis

As a general rule, federal courts, including bankruptcy courts, have the authority to hear all civil proceedings arising under title 11 or related to cases arising under title 11. 28 U.S.C.§ 1334(b); *E.g. Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). The Supreme Court has held whether a case is related to a bankruptcy proceeding depends on "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Celotex Corp*, 514 U.S. at 307 (*quoting Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). "An action is related to bankruptcy if the outcome could alter the debtors' rights,

liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id.*

Further, a federal court's authority to hear a complaint depends on the well-pleaded complaint rule. *E.g. Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983)). The well-pleaded complaint rule looks only to the face of the plaintiff's petition in determining if a claim establishes federal jurisdiction. *State of Tex. v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998); *E.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[O]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Accordingly, a claim for federal jurisdiction may not arise from a defendant's counterclaims or affirmative defenses. *E.g. Caterpillar Inc.*, 482 U.S. at 392 (citing *Franchise Tax Bd. of Cal.*, 463 U.S. at 9-10) ( "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue"); *State of Tex.*, 142 F.3d at 816 (*citing Rivet v. Regions Bank*, 522 U.S. 470 (1998)) ("There has never been a suggestion that a defendant could, by asserting an artful counterclaim render a case removable in violation of the well-pleaded complaint rule.").

In this matter, Plaintiff Glass-Tex alleges it is a separate and distinct entity from the debtor and that the debtor has no interest in its claim. The claim brought by Glass-Tex against Arch Aluminum and Grissom in state court asserts that Glass-Tex and Polvado maintain a legally separate existence and that none of the items seized by the Defendants currently belong to the debtor or an entity of the debtor. Further, Glass-Tex stresses because there is no connection between Glass-Tex and the debtor, the lawsuit cannot alter the "rights, obligations and choices of

action of debtor. . . ." (Petr. Br. 6).  Accordingly, Plaintiffs assert, a judgment entered in this matter would not affect the bankruptcy estate.

The Defendants maintain that Glass-Tex is, in fact, an entity of Polvado or Polvado Glass.  Defendants have alleged the following to support their claim: (1) work orders issued by Glass-Tex are in the name of Polvado Glass; (2) Polvado Glass is listed in the 2006 phone book at the location of Glass-Tex; (3) current video footage of the building shows a Polvado Glass sign; and (4) several vehicles in the possession of Glass-Tex are titled in the name of Polvado Glass.  In addition, on the debtor's statement of financial affairs, the debtor lists eight vehicles which he holds or controls that are owned by Glass-Tex.  The Defendants therefore believe Glass-Tex is an alter ego for Polvado and any judgment entered in the Glass-Tex matter will affect the bankruptcy estate.

This Court, however, is required to follow the well-pleaded complaint rule.  Under this rule, the Court is allowed to look only to the Plaintiff's petition in determining whether a federal claim relating to bankruptcy has been asserted.  Glass-Tex's complaint states it is a separate and unrelated entity from the debtor.  The complaint, on its face, presents no allegations that a recovery for Glass-Tex would, in any way, influence the bankruptcy estate of the debtor.  Accordingly, the Court does not have subject matter jurisdiction over this claim.  This proceeding is remanded to the County Court at Law No. 2 of Hidalgo County, Texas.  Signed at Houston, Texas, on October 17, 2006.

MARVIN ISGUR
United States Bankruptcy Judge